**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Carlos Galindo Alvarado,

*Plaintiff,*

-against-

Saluggi's East Inc., the Estate of William Wall,
Camille McCahill, and Drake Hovis,

*Defendants.*

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Carlos Galindo Alvarado ("Plaintiff"), by and through his undersigned attorney, Mohammed Gangat, Esq., as and for this Complaint against defendants Saluggi's East Inc. ("Saluggi's"), the Estate of William Wall ("Wall"), Camille McCahill ("McCahill"), and Drake Hovis ("Hovis", and together with Saluggi's, Wall, and McCahill the"Defendants"), alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (i) unpaid minimum wages; (ii) unpaid overtime  premium; (iii) liquidated damages; (iv) prejudgment and postjudgment interest; and (v) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (i) unpaid overtime premium; (ii) unpaid minimum wages; (iii) unpaid spread-of-hour premium; (iv) statutory penalties arising out of Defendants' failure to provide required wage and hour law notices; (v) liquidated damages; (vi) prejudgment and postjudgment interest; and (vii) attorneys' fees and costs.

1

3.      Plaintiff further alleges that, pursuant to New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, he is entitled to recover from Defendants for discrimination based on national origin: (i) compensatory and punitive damages; and (ii) attorneys' fees and costs.

4.      Plaintiff further alleges that, pursuant to New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York § 8-107 *et seq.*, he is entitled to recover from Defendants for discrimination based on national origin: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff has satisfied all statutory prerequisites for filing this Complaint.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the claims arose in this judicial district.

7.      Pursuant to Section 8-502(c) of the NYCHRL, Plaintiff has caused to be served within ten days a copy of the Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

## PARTIES

8.      Plaintiff Carlos Galindo Alvarado is an adult, over eighteen years old, and a resident of Kings County, New York.

9.      Defendant Saluggi's East (the "Entity Defendant"), is a domestic business corporation formed in New York County, organized and existing under the laws of the State of

New York, with a service of process address in the care of Keane & Marlowe, LLC at 245 Park Avenue, 39th floor, New York, New York 10167.

10.    Upon information and belief, Defendant the Estate of William Wall is the owner of the Entity Defendant.  William Wall was an adult, over eighteen years old, and a resident of New York County before he passed away on May 3, 2022.

11.    Defendant Camille McCahill is an adult, over eighteen years old, and a resident of New York County.

12.    Upon information and belief, Defendant McCahill is the head manager of the Entity Defendant.

13.    Defendant Drake Hovis is an adult, over eighteen years old, and a resident of Queens County.

14.    Upon information and belief, Defendant Hovis is an assistant manager of the Entity Defendant.

15.    Upon information and belief, the Entity Defendant owns and operates a restaurant and bar located at 399 Grand St, New York, NY 10002 .

16.    Upon information and belief, Defendants exercise control over the terms and conditions of their employees' employment, including Plaintiff's employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

17.    Upon information and belief, at all times relevant to the allegations in this Complaint, the Entity Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees engaged in

commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

18.     At all relevant times, the work performed by Plaintiff was essential to the business owned and operated by Defendants.

19.     At all relevant times, Defendants knowingly and willfully misclassified Plaintiff as an exempt employee for whom Defendants were not required to pay overtime compensation.

20.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and NYLL.

21.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the NYLL.

22.     Defendants knowingly and willfully failed to accurately provide Plaintiff his wage notices and wage statements in direct contravention of the New York Wage Theft Prevention Act.

23.     Defendants knowingly and willfully discriminated against Plaintiff with no basis rather than the national origin. Defendants verbally abused Plaintiff, explicitly denied him the same benefits as other workers, and assigned him menial and humiliating tasks, all on the basis of Plaintiff's Mexican national origin.

24.     Plaintiff has satisfied all conditions precedent to the institution of this action or such conditions have been waived.

**STATEMENT OF FACTS**

25.     In the Fall of 2009, Plaintiff Carlos Galindo ("Galindo") was hired by Defendants to work as a dishwasher/delivery person at their restaurant located at 325 Church Street in New York City.

26.     In or about 2016, Galindo was transferred to the restaurant located at 399 Grand Street.  His compensation was $1000 per week and in or about 2019, his compensation was increased to $1,500 per week, and then in 2020, due to the pandemic, his compensation was reduced to $1,000 per week.

27.     At no point in Plaintiff's employment did Defendants ever pay Plaintiff the required overtime premium, spread of hours pay, or provide him with wage statements.

28.     After the transfer, he typically worked seven days per week from 11 in the morning until closing, which varied depending on the day of the week, customer flow, and whether heavy cleaning was required/scheduled, and could be anywhere between 12:30am-2am. Occasionally he did work 5 or 6 days per week.  To the best of his recollection, he ranged between 50-75 hours per week.  Especially during the NFL season he worked 7 days per week and outside the season he took Sundays off.

29.     Defendants required Plaintiff to perform non-exempt physical tasks 100% of the time.

30.     At least 80% of Plaintiff's time was spent cooking, with the remaining 20% cleaning the kitchen and performing general maintenance.

31.     On a day-to-day basis, Plaintiff reported to Saluggi's managers, Defendants Camille McCahill and Drake Hovis, and a third manager named Jennifer Thomas.

32.     Defendant's managers set Plaintiff's schedule, would routinely assign him work, monitor his work performance, and direct the manner in which the work was performed

***Defendants' Discrimination Practices Against Plaintiff***

33.     Plaintiff is of Mexican national origin.

34.     Defendants subjected Plaintiff to verbal abuse and exploitation on the basis of his Mexican origin and nationality.

35.     Early in Plaintiff's employment at Saluggi's Tribeca, Defendant Wall stated to Plaintiff "Where can I find more Mexicans like you who are willing to work seven days in a row without a day off?"

36.     Later in Plaintiff's employment, despite being given the title of kitchen manager, Plaintiff was required to mop floors, clean the bathroom, paint walls, and fix any plumbing or mechanical issue that arose in the kitchen himself.

37.     Defendants refused to give Plaintiff any lunch or meal breaks or to use the time clock, stating that paid lunches and the time clock were only for hourly employees, that he wasn't entitled to a lunch break because he was paid a flat fee.

38.     When Plaintiff attempted to use the bathroom during his work shifts, Defendants' managers would quickly knock on the bathroom door if he was gone more than a minute or two to order him back to work.  As a result, Plaintiff was rarely afforded a chance to use the bathroom and work in pain while holding his bladder.  Plaintiff developed a urinary tract infection after not being allowed to use the bathroom at work.

39.     Plaintiff spoke to Defendant McCahill to request paid vacation days.  Defendant McCahill told Plaintiff that he wasn't entitled to paid vacation days because he was Mexican.

40.     Defendant Hovis would routinely use the restroom and not flush the toilet, leaving feces and urine in the toilet bowl.  Defendant Hovis would then make Plaintiff flush the toilet for him, stating "That's what you fucking Mexicans are here for, if you don't like it, go back to your country."

41.     On a regular basis, Defendants required Plaintiff to buy ingredients or spices that they had run out of or weren't able to order.  On multiple occasions, Defendant Horvis would ask Plaintiff where the groceries were, asking Plaintiff, "You're not buying anything for yourself with the restaurant's money are you? That's what you Mexicans do, you steal."

42.     On more than one occasion, Plaintiff was injured while at work and had to go to the hospital to seek medical treatment.  More than once, Plaintiff requested a letter from Plaintiff Camille stating that he worked for Saluggi's and listing his salary so he would qualify to pay the hospital on an income-based scale.  Defendant Camille refused to provide Plaintiff a letter, telling him not to tell the hospital he worked for Defendants or that he was injured on the job.

43.     In June 2022, Defendants terminated Plaintiff's employment after he was physically attacked by a caucasian busboy employed by Defendants as he was leaving the restaurant, and he was forced to defend himself.

44.     Defendant Drake Hovis arrived on the scene.

45.     At that time, Plaintiff and the caucasian busboy were engaged in a physical altercation. Mr. Hovis attacked Plaintiff and dislocated his shoulder.

46.     The caucasian busboy was not questioned or disciplined in connection with the incident.

47.     Instead, Defendants Hovis and McCahill later told Plaintiff that they were terminating his employment because he was a "problematic" employee.

7

48.     Despite Horvis and McCahill terminating Plaintiff's employment, they tried to force Plaintiff to sign a document stating that he resigned.

49.     Plaintiff refused and asked Defendant McCahill for a letter acknowledging the thousands of dollars Defendants owed him.  Defendant McCahill refused and asked Plaintiff if he was "mentally well."

***Defendants' Misclassification Practice Against Plaintiffs***

50.     At all relevant times, Defendant had a policy of classifying Plaintiff as an exempt employee, and not paying him the overtime premium of time and one-half for hours worked more than forty per week.

51.      However, at all relevant times, Plaintiff was non-exempt employee, and ws misclassified by Defendants due to the following:

(1) Plaintiff did not perform executive, supervisory, professional, or administrative duties; in contrast

(2) All of Plaintiff's duties were physical, non-exempt tasks such as cooking, cleaning, and performing general maintenance in the kitchen.

**FIRST CAUSE OF ACTION**

**UNPAID WAGES IN VIOLATION OF THE FLSA**

52.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

53.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C.   §§ 206(a) and 207(a).

55.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

56.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

57.     Plaintiff was entitled to be paid at a level at or above minimum wage for all hours worked. Plaintiff was entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

58.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

59.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

60.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

61.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

62.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

63.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

64.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## UNPAID WAGES IN VIOLATION OF THE NYLL

65.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

66.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

67.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the applicable minimum wages and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

68.     Employers are required to pay a "spread of hours" premium of one (1) additional hours pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

69.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours.

70.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL.

71.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

72.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations.

73.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between their actual wages and the amounts owed under the New York Labor Law. The deficiency accounts for regular rates for all straight time hours, overtime compensations for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

74.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE THE WAGE NOTICE AND WAGE STATEMENT**

**IN VIOLATION OF THE NYLL**

75.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

11

76.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

77.     Through Defendants' knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

78.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79.     Through Defendants' knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

80.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

81.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FOURTH CAUSE OF ACTION**

**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE NYSHRL**

82.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

83.     By the actions described above, Defendant discriminated against Plaintiff on the basis of his national origin in violation of the NYSHRL by subjecting him to repeated verbal harassment, assigning him menial and humiliating tasks, depriving him of employment benefits, creating a hostile work environment, and terminating him.

84.     Under the NYSHRL, it is unlawful for an employer to fire or refuse to hire or otherwise discriminate against an employee because of a national origin. Executive Law § 296 (1) (a).

85.     Defendants willfully violated the NYSHRL because Defendants intentionally discriminated against Plaintiff on the basis of his national origin.

86.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

**FIFTH CAUSE OF ACTION**

**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE NYCHRL**

87.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

88.     By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of his national origin in violation of the NYCHRL by subjecting him to repeated verbal harassment, assigning him menial and humiliating tasks, depriving him of employment benefits, creating a hostile work environment, and terminating him.

89.     Under the NYCHRL, it is unlawful for an employer to fire or refuse to hire or otherwise discriminate against an employee because of a national origin. Administrative Code § 8-107(1)(a).

90.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to § 8-502(g).

91.     Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages pursuant to § 8-502(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Carlos Galindo, respectfully requests that this Court grant the following relief:

    i.    A declaratory judgment that the actions, conduct, and practices of Defendants complained of violate the FLSA and the applicable state laws;

    ii.    An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and NYLL;

    iii.    An award for unpaid spread-of-hours premium due under the NYLL;

    iv.    An award of liquidated damages and/or punitive damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    v.    An award of liquidated damages and/or punitive damages as a result of Defendants' failure to pay minimum wage, overtime, and spread-of-hours compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

    vi.    An award of liquidated and/or punitive damages as a result of Defendants' willful violation of the New York State Human Rights Law, as amended, on the basis of discrimination based on national origin;

    vii.    An award of liquidated and/or punitive damages as a result of Defendants' willful violation of the New York City Human Rights Law, as amended, on the basis of discrimination based on national origin;

    viii.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

    ix.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x.    An award of prejudgment and post-judgment interest;

xi.    An award of costs and expenses associated with this action, together with reasonable

attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xii.    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by

jury on all issues.

Dated:  New York, New York
        January 23, 2023                          Respectfully Submitted,

                                        **LAW OFFICE OF MOHAMMED GANGAT**

                                By:

                                        Mohammed Gangat, Esq.
                                        675 Third Avenue, Suite 1810
                                        (718) 669-0714
                                        mgangat@gangatllc.com

                                *Attorneys for Plaintiff*